## THE HUTCHINSON & SOUTHERN RAILROAD COMPANY v. W. M. WALLACE.

### No. 285.

ACCORD AND SATISFACTION—*Offer to Settle—Acceptance out of Time.* The correctness of plaintiff's account against the defendant company being in dispute, he made a written offer to compromise the same, the offer requiring payment within ten days from its date. The company's letter accepting the offer and enclosing a check for the reduced amount of the claim, although posted on the ninth day after the date of the offer, did not reach plaintiff until twelve days thereafter. The letter stated that the remittance was in full settlement of the account, and requested a receipt in full. The plaintiff cashed the check and retained the proceeds, and, four months later, sued for an alleged unpaid balance of the said account, no receipt having been given as requested. *Held* (1), Time was of the essence of the proposition made, and the plaintiff was not bound to accept the payment in satisfaction of his claim; but (2) the plaintiff had not the right to retain the proceeds of the check as a part payment only of his account, and his action in the premises produced the same effect as if the company's letter had been an original offer of compromise which the plaintiff accepted, and which was fully complied with by the payment of the stipulated amount.

Error from Kingman district court; W. O. BASHORE, judge. Opinion filed March 14, 1898. Modified and affirmed.

*W. M. Whitelaw*, for plaintiff in error.

*W. M. Wallace*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : Action by W. M. Wallace against the Hutchinson & Southern Railroad Company, upon account, for services as local attorney at Kingman, Kan. Judgment was rendered in his favor by a justice of the peace, and afterwards by the district court upon the verdict of a jury, the company having appealed to the

latter court.   The record shows that the plaintiff had
been urging the company to pay his claim of $313.35
for his services as its attorney and that the company
was seeking to have the amount of the claim reduced,
its position being that the charges were too high.
Finally, the plaintiff agreed with W. M. Whitelaw,
general attorney for the company, that he would ac-
cept fifty per cent of his bill if the same was paid
within ten days.   On the next day after such state-
ment was made the plaintiff wrote to E. E. Wise, the
treasurer of the company, at Chicago, stating that he
had agreed with Mr. Whitelaw to accept one-half of
the account if payment were made within ten days
from the date of the letter, which was April 12, 1892.
On April 22, 1892, Wise answered Wallace's letter,
the body of his answer being as follows :

"In compliance with your letter of recent date, au-
thorizing me to send one-half of your bill in full settle-
ment of the same, I enclose herein to your order a
check, No. 55, drawn on the Metropolian National
Bank, of Chicago, for $156.68.   Please receipt your
bill, and return, and oblige.   As I wired you, this
remittance has been delayed by Mr. Whitelaw's ab-
sence.   He had the bill and I did not know the amount
of it ;  so could not remit until he came back."

This letter and the check were received on April 25.
The check was cashed immediately by Wallace, who
retained the money but did not return the receipt as
requested.   On August 10, 1892, he brought this ac-
tion to recover the unpaid one-half of the account, as
well as a few minor items which are not now in dis-
pute.   In the district court, the company filed a veri-
fied denial of the correctness of the account as stated
in plaintiff's bill of particulars.   The evidence shows
that Wise, after receiving Wallace's letter, wrote to
Whitelaw for the original bill in order to determine

the amount for which to draw the check, and while
waiting for the return of the bill telegraphed Wallace
stating where the bill was, that he had sent for it, and
that his remittance might be delayed for a few days.
Wallace did not reply to the telegram. A letter from
Wallace to Wise bearing date of May 9, 1892, was
also read to the jury. It stated that an itemized bill
for $26.50 was enclosed, "bringing matters up to date
from last February," and concluded with this state-
ment : "I do not want any more of my bills to grow
like the last one; therefore I send in now hoping to
have an early remittance."

The items referred to in the last-named letter, to-
gether with the unpaid balance of the original account,
constituted the claim upon which the present action
is based. The trial-court theory of the defendant
seems to have been that Wallace was estopped by his
conduct from claiming the balance of the original ac-
count. The assignment of errors covers the court's
refusal to give the two instructions asked for by the
defendant below, the giving of the court's instruction
No. 2, the admission of incompetent testimony, and
the overruling of the defendant's motion for a new
trial.

Referring to these specifications, our first observa-
tion is that the instructions given to the jury contain
correct but incomplete statements of the law applica-
ble to the facts proven. The court informed the jury
that where a special condition was put into an offer of
settlement no variation could be made by the other
party in accepting the offer, either in amount to be
paid, the time of payment, or otherwise, and that, in
order to bind the party making the offer, the compli-
ance must be in exact accordance with the terms
thereof. It would have been proper to give the jury

the guidance of the law in the consideration of the various acts of the plaintiff below in connection with the entire transaction between himself and the company. But no such instruction was asked for.

The instructions refused were based on the incorrect proposition that the act of Wise in mailing his letter which contained an acceptance of Wallace's proposition, together with the check, within the time stipulated, was a complete compliance with the terms of the offer of compromise. We think, however, that a portion of the first instruction asked for by the defendant may be regarded as representing the real issue in the case. After setting forth the various facts respecting the offer and its acceptance on the part of the company, through its treasurer, by a letter duly posted nine days after the date of the offer, the instruction stated that if the jury should find such facts, and that the plaintiff received the draft in due course of mail and obtained the money thereon, he could not recover for any item or items embraced in such offer and acceptance.

The case is, technically speaking, one of accord and satisfaction. The correctness of the account being disputed, the plaintiff did not have the right to apply the proceeds of the check in part payment of his claim, notwithstanding he was under no obligation to comply with his offer of compromise, the time limited therein having expired before the check was received. The mailing of the letter, under the circumstances, was an acceptance of the offer, but it was not a satisfaction of the demand. When the check reached Wallace his offer had spent its force. But since the letter from Wise contained a statement that the check was to be regarded as full satisfaction of the account and asked for a receipt in full, the act of

cashing the check and retaining the proceeds thereof produced exactly the same effect as if on that day an original proposition for such settlement had been made by Wise for the company and agreed to by Wallace, and the whole matter then completed and concluded by payment in accordance with such agreement. It is therefore evident that the court erred in refusing to give the instruction in substance as asked for, unless an instruction embodying the proposition we have just stated had been given in its stead. This view seems to be well sustained by the authorities. Because of this error the verdict and judgment as a whole cannot be approved; but a part of it is not affected by this error.

The judgment will be modified by striking therefrom the item for one-half of the original account, to wit, the sum of $156.68, and as thus modified will be affirmed. The costs of this court will be divided.